UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

Jeff Weigel, Estate of Curtis Weigel,

and Rudy's Welding, a partnership,                   CASE NO. 23-4184

    Plaintiffs

v.                                                   COMPLAINT

The City of Flandreau, Dustin Lau, Ty Lau,

John Does Number 1 – 10, all in their

Individual and official capacity; and

Dusty's Customs, a business,

    Defendants.

---

    Plaintiffs, Jeff Weigel, and the Personal Representatives of Curtis Weigel, for Curtis Weigel himself and his partnership in Rudy's Welding with Jeff Weigel, allege:

A. Plaintiffs bring this action under federal law and bring associated claims under state law. The lawsuit arises under federal law because under 42 U.S.C. § 1983, Plaintiffs sue Defendants as state or local officials or for actions taken under deputy status or citizens that were agents of the City of Flandreau for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

B. This court and this Division are appropriate because the matters at issue arose in Moody County, South Dakota.

C. The Defendants are sued in their individual and official capacities. They are sued in their official capacities because the City of Flandreau had a policy or practice in hiring towing operators and using law enforcement to remove personal property from the private property of citizens with not controls, laws to regulate these actions or training or certification for agents who were not employees or law enforcement officers, and did not train, regulate or control its agents for proper removal and storage or provide a sufficient process to appeal or recover private property wrongfully seized or removed. Plaintiffs also seek an injunction to stop harassment and retaliation against them.

D. State law claims may be heard by the Court with federal claims.

## FACTS AND CLAIMS OR COUNTS IN LAWSUIT

1. Plaintiff Jeff Weigel and his wife reside in rural Flandreau, Moody County, South Dakota. At the time of the incidents of November 6, 2020, they lived near the property where the incidents took place but have since moved due to the ongoing disputes and issues with the Defendants. Plaintiff Curtis Weigel resided in the City of Flandreau until his death. Personal Representative Cynthia Gibson lives in Garretson, Minnehaha County, South Dakota and Personal

1

Representative Lisa Mueller resides in Volga, Brookings County, South Dakota. Both co-Personal Representatives authorized this lawsuit and for Cynthia Gibson to sign it.

2. Defendant City of Flandreau is a South Dakota municipality in Moody County. Defendants Dustin resides and work in Flandreau, Moody County, South Dakota, or Minnehaha County. Ty Lau may live in Minnehaha County or nearby county. Dustin Lau is now employed by the City of Flandreau. Upon information and belief, there are individuals who acted with other Defendant who names are not known or not confirmed at this time, and will be added later. These defendants live or work in Moody County, South Dakota.

First Claim - Return or compensation for wrongly taken personal property.

3. At the time of the commencement of this action and at all times mentioned in this complaint plaintiff Jeff Weigel or the partnership of Jeff Weigel and Curtis Weigel was, and is now, the owner and entitled to the immediate possession of the following property:. An itemized schedule of the property, together with the respective value of each item, is attached, marked "Exhibit #1," and incorporated by reference.

4. The Plaintiff has perfected title to the property listed in Exhibit #1.

5. The value of the property is several thousand dollars.

6. The above-described personal property was illegally seized and taken from plaintiff's possession by defendant on November 6, 2020, at Rudy's Welding and an adjacent property in Flandreau, South Dakota. The property was taken by the Defendants from the Plaintiff during a contested seizure of property. This seizure was pursuant to a notice of public nuisance and endangerment, but the property was not a public nuisance. It was a business and adjacent property; and there was not a proper hearing or ability to appeal the decision to call this a nuisance. The City and others maintained property that was in a condition that was not really different. There were items on real estate property that was not part of the notice or was taken in the process when the property had nothing to do with the reasons in the claim or any zoning rules. The above-described personal property had not been taken or seized by virtue of a valid notice, being located on property that was not subject to the action.

7. Defendant has wrongfully detained the property since November 6, 2020 or wrongfully sold it, and Plaintiff is informed and believes, and based on such information and belief alleges, that the above-described personal property is now located at, rural Flandreau, Moody County, South Dakota.

8. The alleged cause of detention of the above-described personal property by defendant, according to plaintiff's best knowledge, information, and belief, is that the Defendant is holding the property for the county under the unfounded claim of nuisance or for other claims against Plaintiffs.

9. On April 1, 2021 or around that date, plaintiffs gave notice in writing of a claim. Defendants were notified or had knowledge or should have known they had violated the law and rights of

Plaintiff and caused harm without return the property to plaintiffs, but defendants refused and still refuses to return any property to plaintiffs.

10. No part of the property was taken for collection of any tax, assessment, or fine, nor seized under an execution or attachment or other legal process against plaintiff's property. It was taken to abate or clean up what the City of Flandreau called a public nuisance. Plaintiffs were in the process of removing items from Rudy's Welding but the property had been kept in the same condition for many years and was kept up the way agreed or accepted by the City of Flandreau in a previous zoning or other legal dispute.

10. Defendant's wrongful detention of the property has prevented plaintiff from using the property, all to plaintiff's damage in an amount to be determined. Upon information and belief, the property was not appropriately prepared and properly moved and suffered damages in an amount to be determined. The damaged property, if sold in that condition, was not sold at the value it had when taken from Rudy's Welding or the adjacent real estate property.

11. The property is in danger of being sold or has been by defendants or agents of one or more defendant to an innocent purchaser for value. The facts on which plaintiff bases this averment are that the property is easily transferable and is of the same type that Defendant regularly sells in the course of their ordinary business.

12. Rudy's Welding was a partnership between Jeff Weigel and his father Curtis Weigel. Rudy's Welding owned and operated a shop in Flandreau for over 80 years. Curtis took over and eventually made Jeff a partner. They worked together and the materials, vehicles and other items at their shop were used or could be used for their business. Property that was on adjacent land or that Jeff Weigel and his wife or other family members had or stored nearby the Rudy's Welding shop were personal items. All these were kept in a manner that was not dirty or unhealthy.

WHEREFORE, plaintiff requests judgment against defendant in the form of:

1. If defendant has the possession of the property listed in Exhibit #1 the court:

    a. Adjudge that plaintiff is the owner and entitled to the possession of the above-described property;

    b. Order defendant to return the above-described property to plaintiff;

    c. Award plaintiff a dollar amount to be determined of damages of loss of use of the above-described property, with interest at the legal rate on such amount awarded as allowed by law from the date of judgment, until paid;

    d. Award plaintiff costs in this action;

    e. Punitive damages as allowed by law; and

    f. Grant such other and further relief as the court deems just and proper.

2. If defendant does not have possession of the above-described property and the property cannot be returned to plaintiff, the court:

    a. Award plaintiff damages in the amount to be determined as the value of the above-described property;

    b. Award legal interest on the amount in "a." above from Nov. 6, 2020, until paid;

    c. Award plaintiff costs in this action;

    d. Punitive damages as allowed by law; and

    e. Grant such other and further relief as the court deems just and proper.

<u>Second Claim – Wrongful arrest and excessive use of force against Jeff and Curtis Weigel.</u>

13. This claim incorporates all other paragraphs above by reference as if set out here in full.

14. On November 6, 2020, the City of Flandreau and its agents knew or they should have known that Jeff Weigel was trying to remove items from the property at Rudy's Welding and that he was physically doing that, but it was not practical or reasonable for him to finish that job in the time allowed by the City.

15. The Defendants came to Rudy's Welding and the adjacent property owned by the Weigel family on November 6, 2020. When Jeff Weigel saw that they were going to forcibly remove items or otherwise do what he considered unlawful and beyond their authority, Jeff Weigel attempted to stop the removal by speaking with them. Jeff Weigel talked to one or more of the Defendants before they started to hook up their tow trucks or otherwise prepare for removal of personal property. Some of the vehicles or items could have been started up and moved from the property and did not have to be towed or loaded up but Defendants would not allow reasonable time to get that done. Defendants would not allow Jeff Weigel to

16. Jeff Weigel was very concerned about the harms being done to his business and his family, and the Defendants were armed with guns. Jeff Weigel was loud and felt he had to appear strong because he was standing up for his rights against many more individuals and they were armed.

17. Jeff Weigel was forced down physically with excessive force, restrained, placed in handcuffs shot with a Taser and arrested. His family members were there and Jeff Weigel suffered humiliation and embarrassment in addition to his emotional stress and harm from being subject to unlawful or excessive actions by the City of Flandreau and its agents.

18. At some point after the Defendants arrived, Curtis Weigel came to Rudy's Welding and expressed concern over the actions of Defendants. He spoke to one or more Defendants.

19. Curtis Weigel stated that he was going down the street to get his lawyer. Legal counsel for Rudy's Welding and Weigel family members has an office located blocks away in downtown Flandreau. But he was immediately stopped and prevented from leaving by Defendant Ty Lau and/or other Defendants.

20. Curtis Weigel stayed at the location and saw his son arrested and removed. Curtis was distressed over the incident and prior to his death he worked with Jeff Weigel to attempt to get the personal property back and obtain justice for unlawful acts of Defendants.

21. The Estate of Curtis Weigel brings this lawsuit for damages Curtis Weigel suffered before and for the Estate after he passed away.

22. Defendants or one or more of them have acted under the color of state law as employees, officers or agents of the City of Flandreau. Under South Dakota law, cities are given authority to enact laws and the City was allegedly acting under state and local laws.

23. Jeff Weigel was harmed by excessive force which is also an assault and battery on his person. Jeff Weigel was arrested using excessive force in violation of the South Dakota Constitution and laws.

24. Curtis Weigel was wrongfully arrested or wrongfully detained and prevented from exercising his right to leave the scene and obtain legal counsel. Defendants were armed, including at least one citizen agent, Dustin Lau, and Curtis Weigel was put in fear for his personal safety. The Defendants or one or more of them did acts that are assault and battery, and wrongful arrest or detention, in violation of the South Dakota Constitution and laws.

25. The City of Flandreau used one or more private towing companies and failed to properly train or direct the actions of the company employees or officers/owners. Dustin Lau and Ty Lau were made agents of the City of Flandreau and may have been given law enforcement authority. After inquiring and on belief, there is no record of the City of Flandreau providing training or hiring Dustin or Ty Lau for the actions on November 6, 2020 and there is no training or certification given by the City to act as its towing contractor and to act with actual or apparent authority to detain or control the physical movements of citizens. Jeff Weigel and Curtis Weigel suffered injury and damage because of the actions of the City of Flandreau in wrongfully removing personal property by towing and for exceeding the authority of the City in removing property that was stored or lawfully on the adjacent real estate property and not owned by Rudy's Welding. The City of Flandreau negligently allowed its agents to remove property in excess of the claimed authority to act and did not train, regulate or properly control the actions of private towing companies it hired to take private citizen's property and to physically restrain or control them. Other businesses or residences are routinely allowed to maintain properties in similar condition but are not pursued for action by the City of Flandreau.

WHEREFORE, plaintiff requests judgment against defendant in the form of:

    a. Award plaintiff a dollar amount to be determined of damages of loss;

    b. award interest at the legal rate on such amount awarded as allowed by law from the date of loss, until paid;

    c. Award plaintiff costs in this action;

    d. Punitive damages as allowed by law; and

    e. Grant such other and further relief as the court deems just and proper.

Third Claim – Conversion

26. This claim incorporates all other paragraphs above by reference as if set out here in full.

27. Dustin Lau and Ty Lau, or their company, unlawfully converted the property of Jeff Weigel or Rudy's Welding to their own by removing and damaging the property, and after taking it, hid the property from Plaintiffs, required excessive storage or other fees that are not reasonable in the market or otherwise reasonable and act as punishment without authority. The fees were so high that it was not practical for Plaintiffs to retrieve the property.

28. The Plaintiff's property was converted to the possession and/or use of Defendants and sold or offered for sale. As a result of their actions in holding Plaintiffs' property and securing it, Plaintiffs were wrongly prevented from the Plaintiff's use, possession and control.

Fourth Claim – Negligence

29. Defendants together or collectively, or Dustin Lau and Ty Lau individually or through their company, placed or caused to be placed several items of Plaintiffs' property onto their towing equipment and trucks or trailers, and then towed and unloaded them in a storage area which was unlicensed and not properly zoned for vehicle storage.

30. Plaintiff's property was damaged or otherwise lost value due to the acts of Defendants in removing the property. Records and other personal property inside vehicles (used as an office) were not inventoried or returned to Plaintiffs and have not been protected from damage.

31. Defendants or one or more of them failed to use ordinary care or failed to meet the standard of care for hired contractors for removal of property without excessive wear or in damaging the property.

32. The City of Flandreau knew or should have known it hired and authorized or allowed Defendants to act in excess of the law in taking, towing and storing Plaintiff's property. If independent contractors, the Defendants owed Plaintiff a duty to properly check out the training and qualification of the hired business or person and was responsible for supervising and controlling their work. The City of Flandreau was negligent in this or other ways to be proven after discovery of facts in this case.

WHEREFORE, plaintiff requests judgment against defendant in the form of:

    a. Award plaintiff a dollar amount to be determined of damages of loss;

    b. award interest at the legal rate on such amount awarded as allowed by law from the date of loss, until paid;

    c. Award plaintiff costs in this action

    d. Punitive damages as allowed by law; and

    e. Grant such other and further relief as the court deems just and proper.

Fifth Claim – Violation of Civil Rights of Plaintiffs.

33. This claim incorporates all other paragraphs above by reference as if set out here in full.

34. This claim is made under 42 U.S.C. Section 1983. Defendants acted under color of state law because they were allegedly enforcing city codes and state laws.

35. Defendants violated Plaintiff's civil rights when they used excessive force, wrongly took property, took property without compensation, denied Plaintiff their rights to due process of law, and applied the law to them in violation of the equal protection clause of the state and federal Constitutions.

36. Defendants have retaliated against Plaintiffs because Plaintiffs asserted their rights under the zoning laws for the City and other laws. Defendant City of Flandreau and its agents are causing or will be causing Plaintiffs hardship and expense regarding the structure that is part of the November 6, 2020 incident. The property adjacent to Rudy's Welding is being salvaged and taken down and Plaintiffs have been sued and otherwise harassed by the City, which continues to apply its laws and other laws in violation of Due Process and the Equal Protection clauses of the U.S. Constitution.

37. Defendants have acted in other ways set out above or to be established in this case that violate or infringe on the Plaintiffs' constitutional rights. Those matters will be addressed and corrected as allowed under the rules and with court permission as needed.

38. The City of Flandreau is acting unlawfully in these and perhaps other ways, and should be ordered by injunction or other appropriate judgment and order to stop violating laws and constitutional rights of citizens.

39. Plaintiffs have incurred legal fees and other costs to address the unlawful actions of the Defendants. Plaintiffs may hire an attorney to represent them. If that is done, then the Plaintiffs will ask for recovery of attorneys' fees in this case.

40. The City of Flandreau acted to make a policy or practice of acting unlawfully in the matters above. It is acting in its official capacity and its agents and employees are also acting in their official capacities.

41. Defendants violated clearly established rights of Plaintiff or otherwise acted in ways such that qualified immunity is not a proper defense. In the alternative, Plaintiffs allege in good faith that qualified immunity is not a lawful defense and if cases later determine it may not be used, Plaintiffs claim the benefit of those cases or any case that disallows that immunity.

42. Defendants should be enjoined or ordered to leave Plaintiffs to their lawful activities and if appropriate the order should apply to individual capacity or individuals acting on their own.

To any claim for constitutional violation not established by facts in this lawsuit, Plaintiffs represent the claims are made in good faith and request the ability to amend the Complaint.

WHEREFORE, plaintiff requests judgment against defendant in the form of:

a. Award plaintiff a dollar amount to be determined of damages of loss;

b. award interest at the legal rate on such amount awarded as allowed by law from the date of loss, until paid;

c. Award plaintiff costs in this action;

d. Issue an Order that enjoins or prevents unlawful acts of Defendants at issue here; and

e. Grant such other and further relief as the court deems just and proper.

### PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL MATTERS

**For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Dated: November 3, 2023.

Signature Block for Jeff Weigel:

*[signature: Jeffrey Weigel]*

Jeff Weigel for himself and as a partner in Rudy's Welding

48222 229th ST.
FLANDREAU, SD 57028

Signature for Estate of Curtis Weigel:

*[signature: Cynthia Gibson]*

Cynthia Gibson, as Personal Representative and with authority from co-Personal Representative

Making claims for Curtis Weigel and as a partner in Rudy's Welding

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JEFF WEIGEL, ESTATE OF CURTIS WEIGEL AND RUDY'S WELDING, A PARTNERSHIP

**(b)** County of Residence of First Listed Plaintiff: MOODY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
CITY OF FLANDREAU, DUSTIN LAU, TY LAU JOHN DOES NUMBER 1-10, ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, AND DUSTY'S CUSTOMS, A BUSINESS

County of Residence of First Listed Defendant: MOODY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: NOVEMBER 3, 2023
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeffrey Weigel

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____