UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JEFF WEIGEL<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF FLANDREAU, DUSTIN LAU,TY LAU, JOHN DOES NUMBER 1-10 ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, DUSTY'S CUSTOMS,<br><br>Defendants. | 4:23-CV-04184-ECS<br><br>**OPINION AND ORDER GRANTING MOTIONS TO SET ASIDE DEFAULT** |

Plaintiff Jeff Weigel filed a pro se lawsuit for multiple claims, including a claim under 42 U.S.C. § 1983, against Defendants. Doc. 1 at 1. The Complaint also identifies the Estate of Curtis Weigel and Rudy's Welding, a partnership, as Plaintiffs. Id. Individuals are permitted to represent themselves, 28 U.S.C. § 1654, but entities such an estate or a partnership must be represented by counsel. Doc. 4. Thus, this action cannot proceed on behalf of the Estate of Curtis Weigel and Rudy's Welding unless an attorney enters and appearance on their behalf and files an appropriate motion. Defendants Ty Lau, Dustin Lau, and Dusty's Customs were each purportedly served with a Summons on January 31, 2024. Doc. 7 at 1-3. Defendants Ty Lau, Dustin Lau, and Dusty's Customs did not answer Plaintiff's Complaint within 21 days after allegedly being served. As a result, Plaintiff moved for entry of default against these Defendants on February 29, 2024, and on the same day the Clerk of Court entered defaults against them. Docs. 10, and 11. Thereafter, Defendant Ty Lau, acting pro se, filed an Answer on March 5, 2024. Doc. 12. Defendants Dustin Lau and Dusty's Customs retained counsel and moved to set aside the defaults against them and

enlarge their time to answer on March 6, 2024. Doc. 15. The Court now considers whether to set aside the defaults entered against Dustin Lau, Dusty's Customs, and Ty Lau.

**I.    Dusty's Customs and Dustin Lau's Motion to Set Aside Default Judgment and for Enlargement of Time to Answer**

Plaintiff alleges property he owned was wrongly declared a nuisance, illegally seized, and then damaged by the City of Flandreau on November 6, 2020. Doc. 1 ¶¶ 6, 10. Defendant Dustin Lau is the owner of Dusty's Customs, a business which includes a tow truck service. Doc. 17 ¶ 1. Dustin Lau contends his business, Dusty's Customs, was hired by the City of Flandreau in November of 2020 to assist with what he believed to be a legal "Abatement Order" to remove items from the property of Plaintiff Rudy's Welding. Id. ¶ 2. According to Dustin Lau, "[t]he City of Flandreau Police Officers instructed me on what to seize or remove from the property." Id. ¶ 3. Dustin Lau and Dusty's Customs were subsequently sued in this action for the seizure of Plaintiff's property. Id. ¶ 4. According to Dustin Lau, the City of Flandreau advised him after suit was filed that it would "provide a defense" for him and his business because all of Plaintiff's claims against them arose out of what he was directed to do by the City of Flandreau. Id. ¶ 5.

Dustin Lau claims after he received Plaintiff's Motion for Default, he was told both he and his business would not receive a defense from the City of Flandreau. Id. ¶ 6. Thereafter, Dustin Lau claims he promptly obtained legal counsel. Doc. Id. ¶ 7. Dustin Lau also denies damaging any of Plaintiff's property. Id. ¶ 8.

Dustin Lau and Dusty's Customs filed their Motion to Set Aside Default Judgment and for Enlargement of Time to Answer on March 6, 2024. Doc. 15. Plaintiff has not filed any opposition to this motion.

2

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" To determine whether good cause exists, the Eighth Circuit has instructed courts to consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998).

When considering culpability or blameworthiness, "Eighth Circuit precedent consistently 'distinguish[es] between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines.' " Cressman v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa, 4:17-CV-04041-KES, 2017 WL 6514672, at *2 (D.S.D. Dec. 20, 2017) (alteration in original) (quoting Johnson, 140 F.3d at 784)). This Court finds that Dusty's Customs and Dustin Lau's default was not due to intentional delay or disregard for court deadlines. Rather, there was a miscommunication between the City of Flandreau and Dustin Lau regarding whether counsel would be retained to represent him and his business in this case. Doc. 17 ¶¶ 5–7. Thereafter, Dustin Lau retained legal counsel promptly who then moved to set aside the default judgments. The Eighth Circuit has held that a default attributable to poor communication does not amount to blameworthy or culpable behavior. See Johnson, 140 F.3d at 784. Further, in this case the miscommunication was promptly remedied when Dusty's Customs and Dustin Lau's counsel entered an appearance and moved to set aside the default six days after entry of the default. See Docs. 13, 14.

This Court next considers whether Dustin Lau and Dusty's Customs have a meritorious defense. "Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson v. El-Batrawi,

3

524 F.3d 907, 914 (8th Cir. 2008) (cleaned up and citation omitted). Here, Dustin Lau and Dusty's Customs allege they did not damage any of Plaintiff's property. Doc. 17 ¶ 8. Further, they allege all of their actions were done at the direction of the City of Flandreau. Id. ¶¶ 3, 9. The meritorious defense factor weighs in favor of setting aside the defaults.

Finally, this Court considers whether Plaintiff would be prejudiced if the Clerk's entry of default is set aside. It is well established that "delay alone, or the fact the defaulting party would be permitted to defend on the merits," does not establish prejudice to the plaintiff. Stephenson, 524 F.3d at 915. "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Johnson, 140 F.3d at 785 (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990)). Here, Plaintiff has not responded to the motion to set aside the defaults, and there is no indication in the record that any evidence will be lost or discovery will be more difficult if the default is set aside. Further, Defendants moved to set aside the default shortly after it was entered. For these reasons, Defendants' Motion to Set Aside Default Judgment and for Enlargement of Time to Answer (Doc. 15) is granted.

## II.  Defendant Ty Lau

This Court also believes the interests of justice are best served by setting aside the default judgment entered against Ty Lau. Ty Lau is Dustin Lau's brother. Doc. 17 ¶ 1. Ty Lau worked at Dusty's Customs, but the business was a sole proprietorship owned by Dustin Lau. Id.

Within a week after the default was entered (Doc. 11), Ty Lau, acting pro se, filed an Answer denying liability and asserting he was not properly served as "he has not been in Flandreau in over 2 years, and only found out about the claims on March 4th, 2024." Doc. 13 ¶ 8. Based on this Court's review of the file, it is unclear whether Ty Lau was ever properly served to

4

commence this action against him. The Proof of Service filed with the Clerk of Court states Ty Lau was not personally served, but instead a summons for Ty Lau was served on Dustin Lau. Doc. 7 at 2. At a minimum, this creates an issue as to whether Ty Lau has been properly served.

Here, it appears good cause exists to set aside the default entered against Ty Lau. In addition to an issue about proper service, Ty Lau denies all liability. Doc. 12 ¶ 2 Further, he filed an Answer promptly after learning about the allegations against him in this matter. Moreover, this Court finds Plaintiff will not be prejudiced if the default against Ty Lau is set aside.

This Court deems the Answer filed by Ty Lau as a motion for the default against him to be set aside. Accordingly, for the reasons set forth above, the default entered against Ty Lau (Doc. 11) is set aside. Further, the Answer filed by Ty Lau (Doc. 12) is deemed properly filed and served. There is no need for Ty Lau to serve and file an additional answer at this time due to this Court setting aside the default judgment against him.

Thus, IT IS ORDERED:

1. That Dusty's Customs and Dustin Lau's Motion to Set Aside Default Judgment and for Enlargement of Time to Answer (Doc. 15) is granted. Dusty's Customs and Dustin Lau must answer or otherwise plead no later than **July 12, 2024**.

2. That the default entered against Ty Lau (Doc. 11) is set aside.

3. That the Answer served and filed by Ty Lau on March 5, 2024 (Doc. 12) is deemed appropriately filed and served. Ty Lau need not serve and file another answer now because of this Court's order setting aside the default against him.

DATED this 3 day of July, 2024.

BY THE COURT:

_____
ERIC. C. SCHULTE
UNITED STATES DISTRICT JUDGE