UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JEFF WEIGEL; CURTIS WEIGEL, ESTATE OF; AND RUDY'S WELDING, A PARTNERSHIP; | 4:23-CV-04184-ECS |
| Plaintiffs, | |
| vs. | OPINION AND ORDER DISMISSING UNREPRESENTED PARTIES AND DENYING MOTION FOR PRELIMINARY INJUNCTION |
| THE CITY OF FLANDREAU; DUSTIN LAU; TY LAU; JOHN DOES NUMBER 1-10, in their individual and official capacities; AND DUSTY'S CUSTOMS, A BUSINESS; | |
| Defendants. | |

## I.    Factual Background

Jeff Weigel, the Estate of Curtis Weigel, and Rudy's Welding, a partnership, (collectively "Plaintiffs")[1] sued the City of Flandreau ("the City"), Dustin Lau, Ty Lau, John Does Number 1–10, and Dusty's Customs (collectively "Defendants") for multiple claims, including a claim under 42 U.S.C. § 1983. Doc. 1. A year into this case, Plaintiffs seek a preliminary injunction that prohibits the City[2] from harassing them. Doc. 33 at 1. The City opposes Plaintiffs' motion and submits affidavits in support of its position. Docs. 35–37. Plaintiffs did not respond to any of the City's arguments.

---

[1] Jeff Weigel, on behalf of himself and as a partner in Rudy's Welding, filed this case with Cynthia Gibson, on behalf of the Estate of Curtis Weigel and Rudy's Welding. Doc. 1. at 8. Both Weigel and Gibson are non-lawyers.

[2] Although Plaintiffs' Motion for Preliminary Injunction makes passing references to "Defendants," this Court construes their motion as only relating to the City. See Doc. 33 at 1 (listing the City as the only Defendant and referencing the City's actions); Doc. 34 (showing Plaintiffs served the Motion for Preliminary Injunction only on counsel for the City).

Neither party requested an evidentiary hearing. The Court finds that such a hearing is unnecessary here and proceeds to address Plaintiffs' motion.[3]

## II.    Legal Standard

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689 (2008) (cleaned up). Weigel, the party seeking the injunction, bears the burden of establishing the need for such relief. Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). A district court has "broad discretion when ruling on preliminary injunction requests." Coca-Cola Co. v. Purdy, 382 F.3d 774, 782 (8th Cir. 2004) (cleaned up). This Court decides whether to issue a preliminary injunction by weighing the four Dataphase factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). No one factor is dispositive, id., but the movant must "show the threat of irreparable harm," Baker Elec. Coop., v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994). To prove "irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Novus Franchising, Inc. v. Dawson, 725 F.3d 885, 895 (8th Cir. 2013) (quoting Iowa Utils. Bd. v. FCC, 109 F.3d 418, 425 (8th Cir.1996)).

---

[3] "By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b); see Fed. R. Civ. P. 65 (nowhere requiring that an evidentiary hearing be held for a preliminary injunction motion); see also 11A Charles Alan Wright et al., Federal Practice and Procedure § 2949 (3d ed.), Westlaw (database updated September 2024) ("Rule 65 does not explicitly require an oral hearing on a preliminary-injunction motion.").

## III.    Discussion

Defendants first contend that Plaintiffs' motion is properly limited to only Jeff Weigel as Weigel and Gibson, the individuals that signed the Complaint, are non-lawyers and cannot represent entities or partnerships such as the Estate of Curtis Weigel and Rudy's Welding. Doc. 35 at 1 n.1. The Court agrees.

Only a licensed attorney can represent the interests of another person. See Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) (holding that non-lawyers cannot represent other people's interests); Vance v. Cnty. of Ramsey, No. 20-CV-949, 2020 WL 7490033, at *2 (D. Minn. Dec. 21, 2020) (determining that a non-lawyer's attempt to represent other people requires dismissal as the complaint is a nullity and cannot be amended); London v. Miller, No. 17-CV-04165, 2018 WL 3222570, at *2 (D.S.D. July 2, 2018) (finding that dismissal was warranted when a non-lawyer improperly proceeded pro se on behalf of others); Chase v. City of Earle, No. 09CV00167, 2010 WL 1658610, at *2 (E.D. Ark. Apr. 21, 2010) ("When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity." (citing Jones, 401 F.3d at 952)). Similarly, only licensed attorneys may represent corporations, partnerships, or associations. See McPherson v. Diagnostic Imaging Sys., Inc., No. 14-5016, 2014 WL 1410512, at *1 (D.S.D. Apr. 10, 2014) ("[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, *partnerships*, or associations to appear in federal court otherwise than through a licensed attorney." (alternations in original) (emphasis added) (quoting Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993)).

In November 2023, Gibson and Lisa Mueller, who claim to be co-executors of the Estate of Curtis Weigel, asked this Court to allow them to represent the Estate of Curtis Weigel "until new representation [could] be obtained." Doc. 3. Judge Schreier, who previously presided over this case, responded, informing Gibson and Mueller that they could not represent the Estate of Curtis Weigel, which involved the business of Rudy's Welding, because a non-lawyer cannot represent "an entity such as an estate or a business interest." Doc. 4. Contrary to this instruction, Plaintiffs did not obtain counsel. Seven months later, this Court warned Plaintiffs a second time that estates and partnerships "must be represented by counsel." Doc. 22 at 1 (citing Doc. 4). Despite another seven months passing, Weigel and Gibson have still failed to obtain counsel or otherwise explain why their representation of these entities is permissible. Because neither Weigel[4] nor Gibson[5] claim to be the sole owner of Rudy's Welding or bring this claim as the sole beneficiary of the Estate of Curtis Weigel, this Court dismisses the Estate of Curtis Weigel and Rudy's Welding. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Thus, Jeff Weigel is the sole plaintiff with claims properly before this Court.

Weigel's Motion for Preliminary Injunction[6] alleges: (1) that on the morning of October 4, 2024, the city trespassed, stole, and destroyed "their"[7] personal property on lots 1, 2, and 3 of Block 3 Park Addition in Flandreau, South Dakota; (2) that the City continues to harass "them"; (3) that "our safety from physical harm has been and will continue to be in peril"; and (4) that we

---

[4] Weigel signed the Complaint "for himself and as a partner in Rudy's Welding." Doc. 1 at 8.
[5] Gibson signed the Complaint "for [the] Estate of Curtis Weigel." Id. Gibson alleges to be "[m]aking claims for Curtis Weigel and as a partner in Rudy's Welding." Id.
[6] Weigel's two-page motion recites in a conclusory manner the factors this Court must consider when deciding whether issue a preliminary injunction. See Doc. 33.
[7] After limiting the motion to Jeffrey Weigel, this Court is unsure whether Weigel's allegations pertain solely to his property, property owned by the dismissed plaintiffs, or both.

"already have health issues due to the constant stress from harassment." Doc. 33 at 1–2. Weigel seeks to enjoin the City from harassing "him" on "his"[8] various properties. Id. at 2. Defendants contend that Weigel has not satisfied his burden to obtain a preliminary injunction. Doc. 35 at 5–11. The Court agrees.

Weigel's motion fails because he has not shown a likelihood of irreparable harm in the absence of an injunction. "Where plaintiffs have not carried their burden on the irreparable harm prong, courts in the Eighth Circuit 'need proceed no further in analyzing' the other preliminary injunction factors." Walls v. Sanders, 733 F. Supp. 3d 721, 738 (E.D. Ark. 2024) (quoting Ng v. Bd. of Regents of Univ. of Minn., 64 F.4th 992, 999 (8th Cir. 2023)). "'Irreparable harm' signifies harm for which 'a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages.'" Id. (quoting Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009)). The only harm alleged in Weigel's motion is that the City "destroyed personal property belonging to us."[9] Doc. 33 at 1. The

_____

[8] Defendants contend Weigel does not own most of the properties he seeks to protect and thus claim he lacks standing over those properties. Doc. 35 at 3–5. Defendants submitted an affidavit and exhibit showing Rudy's Welding is the owner of Lots 1, 2, and 3 in Block 3 of Park Addition. See Doc. 37-1 (deed from Moody County Register of Deeds). Weigel does not oppose this contention. The Court thus takes judicial notice of the owners of the properties at issue in Weigel's motion. See United States v. Eagleboy, 200 F.3d 1137, 1140 (8th Cir. 1999) (noting that courts may take judicial notice of public records). For the reasons mentioned above, Weigel, as a non-lawyer, is not entitled to represent Rudy's Welding. Because the Court dismissed Rudy's Welding as a party, Weigel currently lacks standing to contest any alleged harm caused to that property. For this reason alone, the Court would deny Weigel's motion. But given the vagueness of his motion and that he owns two of the properties he seeks to protect, the Court will continue with its preliminary injunction analysis. See Doc. 33 at 2 (requesting relief for 211 and 213 E. Park Ave.); Doc. 37-5 (deed from Moody County Register of Deeds showing Jeffrey C. Weigel and Kathy L. Weigel as the owners of 211 E. Park Ave.); Doc. 37-6 (deed from Moody County Register of Deeds showing Jeffrey C. Weigel as the owner of 213 E. Park Ave.).
[9] Again, it is unclear if Weigel is claiming damage to his own property, the property of the Estate of Curtis Weigel or Rudy's Welding, or both.

alleged destruction of personal property is likely "quantifiable and compensable with money damages." MPAY Inc. v. Erie Custom Comput. Applications, Inc., 970 F.3d 1010, 1020 (8th Cir. 2020) ("Harm is not irreparable" if it is "quantifiable and compensable with money damages."). Weigel does not assert otherwise. Thus, Weigel has failed to show the threat of irreparable harm. Id. Without the likelihood of irreparable harm, this Court need not proceed further. See Ng, 64 F.4th at 999; Walls, 733 F. Supp. 3d at 738. The Court, therefore, denies Weigel's request for a preliminary injunction.[10]

## IV.    Order

For the above reasons, and the record as it now exists before this Court, it is

ORDERED that the Estate of Curtis Weigel and Rudy's Welding be dismissed without prejudice. It is further

ORDERED that Weigel's Motion for Preliminary Injunction, Doc. 33, is denied.

DATED this /3th day of February, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[10] Even if Weigel had established irreparable harm, the Court would still determine he failed to meet his burden of "establishing the propriety of an injunction." Watkins, 346 F.3d at 844.