UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEFF WEIGEL,<br><br>                  Plaintiff,<br><br>vs.<br><br>THE CITY OF FLANDREAU, DUSTIN LAU, TY LAU, JOHN DOES NUMBER 1-10, ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; AND DUSTY'S CUSTOMS, A BUSINESS,<br><br>                  Defendants. | 4:23-CV-04184-ECS<br><br>ORDER GRANTING CITY OF FLANDREAU'S MOTION IN LIMINE |

      Pending before the Court is the City of Flandreau's Motion in Limine and Alternative Motion for Certification. Doc. 38. This motion in limine was filed on November 25, 2024. No opposition to the motion or response of any kind has been received from Plaintiff.

      In the ordinary course, the Court typically does not rule on motions in limine until shortly before trial. There are also multiple dispositive motions pending before the Court. Regardless, because no opposition has ever been received from Plaintiff to the motion in limine, and because the Defendant City of Flandreau was seeking clarity on an important evidentiary issue that may arise should this matter go to trial, the Court issues this preliminary ruling granting the motion. From the Court's perspective, the information described in the motion, materials related to an arrest occurring on November 6, 2020, may be relevant and probative at trial. The Court also believes that Plaintiff likely waived any protections afforded by SDCL § 23A-27-17 by filing this lawsuit and apparently making circumstances surrounding the arrest an issue. Thus, the Court preliminarily grants the motion.

The parties should note, however, the preliminary nature of this ruling. Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. Motion in limine, Black's Law Dictionary (12th ed. 2024). Rulings on motions in limine necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42.

Here, it is unknown if this matter will go to trial as the Court still needs to rule on various pending dispositive motions. Further, assuming this matter goes to trial, the Court does not know how the evidence will come in at trial. Like every trial, assuming this one goes, Plaintiff will be given a chance for a sidebar outside the presence of the jury to make arguments regarding the admission of evidence. With this caveat in mind, it is hereby

ORDERED that the City of Flandreau's Motion in Limine, Doc. 38, is granted. It is further

ORDERED that the City of Flandreau's Alternative Motion for Certification, Doc. 38, is denied as moot.

DATED this 22 day of September, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE